UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SUN STATE OIL, INC., | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:19-CV-24-KHJ-LGI |
| CITGO FOOD MART, LLC; CITGO MINI MART, LLC; IBRAHIM NADISH; DAWIT ISAAC; AND FICTITIOUS PARTIES A, B, AND C, | DEFENDANTS |
| AND | |
| CITGO FOOD MART, LLC; CITGO MINI MART, LLC; IBRAHIM NADISH; DAWIT ISAAC; AND FICTITIOUS PARTIES A, B, AND C, | COUNTERCLAIMANTS |
| V. | |
| SUN STATE OIL, INC., | COUNTERDEFENDANT |

ORDER

This action is before the Court on Defendants' Ibrahim Nadish and Citgo Food Mart, LLC's Motions to Dismiss [45, 46]. For the reasons below, the Court denies both motions.

I.　　Facts and Procedural History

Defendant Ibrahim Nadish is the sole member of Citgo Food Mart, LLC ("Citgo Food Mart"), which was located at 516 Cooper Road in Jackson, Mississippi. Compl. ¶ 2. In 2013, Citgo Food Mart entered into an Exclusive Fuel Supply Agreement ("Food Mart Agreement") with Sun State Oil, Inc. ("Sun State"), to use

the Citgo name, logo, and equipment at Citgo Food Mart in exchange for purchasing fuel exclusively from Sun State. *Id.* ¶¶ 13, 26, 29-30. Nadish personally guaranteed Citgo Food Mart's contractual obligations. *Id.* ¶ 16.

Two years later, Citgo Food Mart and Sun State consented to Citgo Mini Mart, LLC ("Citgo Mini Mart"), through sole member Dawit Isaac, taking over the Citgo location pursuant to an Assignment, Consent, Assumption, and Guaranty Agreement. *Id.* ¶ 23. Under the Assignment, Citgo Food Mart personally guaranteed the obligations of Citgo Mini Mart. *Id.* ¶ 46. Additionally, Citgo Mini Mart and Sun State signed an Exclusive Fuel Supply Agreement ("Mini Mart Agreement"). *Id.* ¶ 18. Isaac personally guaranteed Citgo Mini Mart's contractual obligations. ¶ 21.

Around October 2018, Citgo Mini Mart began purchasing fuel from suppliers other than Sun State, identified as Fictitious Parties A, B, and C. *Id.* ¶ 32. Citgo Food Mart and Citgo Mini Mart also failed to install required Citgo software and equipment upgrades. *Id.* ¶ 31. Feeling aggrieved, Sun State sued Citgo Food Mart and Citgo Mini Mart for breach of contract and Fictitious Parties A, B, and C for intentional interference with contractual business and economic relations. [1]. Citgo Food Mart and Ibrahim Nadish move for dismissal, arguing that Sun State failed to state a claim upon which relief can be granted and that the Food Mart Agreement lacks consideration and is unconscionable. [45] [46].

II.   Standard

In reviewing a motion under Rule 12(b)(6), the court must consider whether the complaint states a valid claim for relief, viewing all evidence in the light most favorable to the plaintiff.[1] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The court may consider documents incorporated into the complaint by reference. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citations omitted).

III.   Analysis

A. Failure to State a Claim

Defendants argue Sun State fails to state claim under Rule 12(b)(6) for breach of contract and intentional interference with contractual or business relations. The Court address each claim in turn.

1. Breach of Contract

---

[1]   Nadish and Citgo Food Mart attached materials to their Motions to Dismiss that are not Sun State's Complaint. The Court rejects the invitation to convert Defendants' Motions to Dismiss into summary judgment motions. *See* Fed. R. Civ. P. 12(d). This Court, therefore, did not rely on any of the extraneous materials in its decision. *See U.S. ex rel. Long v. GSDMIdea City, LLC*, 798 F.3d 265, 275 (5th Cir. 2015) (holding that the "mere submission . . . of extraneous materials does not by itself convert a Rule 12(b)(6) [or 12(c)] motion into a motion for summary judgment" if the district court does not rely on or consider these materials).

To state a claim for breach of contract, a party must allege a valid and binding contract existed and defendant breached the contract. *Bus. Commc'n, Inc. v. Banks*, 90 So.3d 1221, 1224-25 (Miss. 2012). Sun State alleges the Food Mart Agreement and the Assignment are valid, binding contracts requiring Citgo Food Mart to purchase fuel exclusively from Sun State in exchange for the use of its logo and equipment. Compl. [1], ¶¶ 13-17, 23-30. Sun State also alleges that Nadish and Citgo Food Mart breached these contracts by purchasing fuel from another company and failing to update the Citgo equipment. *Id.* ¶¶ 31-32. Accepting all facts in the Complaint as true, the Court finds that Sun State has sufficiently stated both elements of breach of contract. Defendants' Motions to Dismiss are denied on this ground.

2. Intentional Interference with Contractual or Business Relations

To state a claim for intentional interference with contractual or business relations, a party must allege the interferer's actions were: 1) intentional and willful, 2) calculated to cause damage to the plaintiff in his lawful business, 3) malicious, and 4) proximately caused actual damage or loss. *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 910 So.2d 1093, 1098-99 (Miss. 2005). Sun State alleges that Fictitious Parties A, B, and C intentionally and willfully interfered with Sun State's exclusive service agreements because the Citgo location was branded with prominent displays reflecting its exclusivity. *Id.*, ¶ 49. Sun State also alleges these parties knew their fuel would be sold as Citgo-branded fuel and acted deliberately to harm Sun State's business without a lawful or rightful

4

purpose, and that Sun State has suffered actual loss because of this interference. *Id.* ¶¶ 50, 53-55. Accepting all facts in the Complaint as true, the Court finds that Sun State has sufficiently stated a claim for intentional interference of contractual or business relations. Defendants' Motions to Dismiss are denied on this ground.

    B.  Defendants' affirmative defenses

Nadish and Citgo Food Mart also raise two affirmative defenses in their motions to dismiss: lack of consideration and unconscionability. [45, 46]. Generally, a party who does not properly plead an affirmative defense in its Answer or Counterclaim waives this defense. Fed. R. Civ. P. 8(c). But "technical failure to comply with Rule 8(c) is not fatal . . . where an affirmative defense is raised in a manner that does not result in unfair surprise." *Bull's Corner Rest., Inc. v. Dir. of Fed. Emergency Mgmt. Agency*, 759 F.2d 500, 502 (5th Cir. 1985). For purposes of a motion to dismiss, though, a court may only dismiss an action based on a successful affirmative defense if the affirmative defense appears on the face of the complaint. *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020) (citations omitted).

    1.  Lack of Consideration

Sun States argues that Defendants waived a lack of consideration affirmative defense because neither pleaded this defense in their Answer or Counterclaim. Memo. in Supp. of Response [49], p. 6. Nadish and Citgo did not respond to Sun State's argument, and the Court finds no such defense in the Answer or Counterclaim. But even if they had timely raised the defense, Sun State correctly

points out that the Court can only dismiss the action if the affirmative defense appears on the face of the Complaint. *Dynex Cap., Inc.*, 976 F.3d. at 588. Here, it does not.

Mississippi law defines consideration as (a) an act other than a promise, (b) a forbearance, (c) the creation, modification, or destruction of a legal relation, or (d) a return promise, bargained for and given in exchange for the promise. *See Mathis v. Jackson Cty. Bd. of Supervisors*, 916 So. 2d 564 (Miss. Ct. App. 2005). Sun State alleges it entered into an exclusive fuel supply agreement with Food Mart in exchange for the use of Sun State's branding and fuel supply. Defendants do not dispute that. In fact, they admit that Citgo Food Mart entered into the Food Mart Agreement and that Exhibit A to Sun State's Complaint is a true and correct copy of this Agreement. Answer [5], ¶¶ 13, 15. In it, Sun State agreed to provide "Petroleum and other products as may be necessary to meet the customer demand for Petroleum at the Facility." Compl. [1], Ex. A, ¶ 4. In exchange, Sun State authorized Nadish and Citgo Food Mart to use Sun State's signs, brand, and trademarks. *Id.*, ¶ 11. Nadish agreed not to sell other brands of fuel while using Sun State's logo. *Id.*

The Court therefore denies Defendants' motions to dismiss based on the lack of consideration defense.

2. Unconscionability

Sun States also argues Defendants waived an unconscionability affirmative defense because neither pleaded this defense in their Answer or Counterclaim.

Memo. in Supp. of Response [49], p. 8. Nadish and Citgo did not respond to this argument either. Federal Rule of Civil Procedure 8(c)(2) requires the Court to treat a counterclaim as an affirmative defense if justice requires, and Defendants arguably raise an unconscionability defense in their Counterclaim. *See* Counterclaim [5], ¶ 12; *Caplin Enters., Inc. v. Arrington*, 145 So.3d 608, 614 (Miss. 2014) (noting that procedural unconscionability exists where there is a lack of voluntariness). But like the lack of consideration defense, unconscionability must appear on the face of the Complaint. Reviewing the Complaint, no facts support Nadish and Citgo Food Mart's defense of unconscionability. And the Complaint does not claim the Food Mart Agreement has oppressive terms or conditions. Nothing in the Complaint suggests there was a lack of consent to the terms of the Agreement. Because this affirmative defense does not appear on the face of the Complaint, the Court denies Defendants' motions to dismiss based on an unconscionability defense.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, Defendants' Motions to Dismiss [45, 46] are denied. Sun State's Motion to Correct and Clarify Docketing of Its Response [54] is moot.

SO ORDERED AND ADJUDGED this the 1st day of February, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE